## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| ASHLEY ALBERT, et al.,<br><br>                                                     Plaintiffs,<br><br>v.<br><br>GLOBAL TEL*LINK CORP., et al.,<br><br>                                                     Defendants. | C.A. No. 8:20-CV-01936<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL** |

Now before the Court is Plaintiffs' Unopposed Motion for Appointment of Interim Co-Lead Class Counsel.

The Court hereby ORDERS:

1. Plaintiffs' motion to appoint Interim Co-Lead Class Counsel is GRANTED.

2. The Court appoints the following firms to serve as Interim Co-Lead Class Counsel for the proposed class:

- Handley Farah & Anderson PLLC
- Cohen Milstein Sellers & Toll PLLC

3. In so ordering, the Court has reviewed the motion and its accompanying submissions, including declarations and attachments submitted on behalf of Handley Farah & Anderson PLLC and Cohen Milstein Sellers & Toll PLLC, and has considered the factors outlined in Rule 23(g) of the Federal Rules of Civil Procedure. Plaintiffs' submissions demonstrate that both firms satisfy the requirements of Rule 23(g) for appointment as interim class counsel. This includes the work both firms have done in identifying and investigating potential claims in the action; both firms' experience in handling class actions, including class actions alleging violations of federal antitrust law and RICO; both firms' knowledge of the applicable law; and the resources that both firms have available and will commit to representing the class.

4. Interim Co-Lead Class Counsel shall be solely responsible for coordinating and organizing the litigation on behalf of the proposed class and, in particular, shall have the following responsibilities:

   a. Determine and present (in motions, briefs, oral argument, or such other fashion as may be appropriate) to the Court and opposing parties the position of plaintiffs on all matters arising during pretrial proceedings;

   b. Communicate with the Court concerning scheduling and other administrative matters;

c.  Coordinate the initiation and conduct of discovery consistent with the requirements of the Federal Rules of Civil Procedure or any other subsequent order of this Court;

d.  Coordinate all plaintiffs' counsel to pay the necessary and appropriate costs of the litigation;

e.  Coordinate settlement discussions or other dispute resolution efforts on behalf of the plaintiffs, under the Court's supervision, if and as appropriate, but not enter binding agreements except to the extent expressly authorized;

f.  Delegate specific tasks to, and monitor the activities of, other plaintiffs' counsel in the matter to ensure that pretrial preparation is conducted effectively, efficiently, and economically, that schedules are met, and that unnecessary and duplicative expenditures of time and expense are avoided;

g.  Consult with and employ consultants or experts, as necessary;

h.  Communicate with defense counsel and, as necessary for the efficient conduct of the litigation, enter into stipulations with defense counsel;

i.  Encourage full cooperation and efficiency among all plaintiffs' counsel;

j.  Establish a detailed time and expense reporting protocol for all plaintiffs' counsel and comply with such time and expense reporting protocol;

k.  Determine reasonable compensation for non-leadership counsel commensurate with their contributions from a settlement fund or judgment, if any;

l.  Present all matters of common concern to the plaintiffs; and

m.  Perform such other duties as may be incidental to proper coordination of this litigation on behalf of the proposed class or as authorized by further Order of the Court.

5. For purposes of efficiency and effective administration, any subsequent class action filed in or transferred to the United States District Court for the District of Maryland that asserts claims on behalf of a proposed class of consumers and arises out of the same or a substantially common set of operative facts as those alleged in the above-captioned action shall be consolidated with the above-captioned action and subject to this Order.

6. No motion, request for discovery, or other pre-trial proceedings shall be initiated or filed by any plaintiff in any subsequently consolidated action except through Interim Co-Lead Class Counsel.

**IT IS SO ORDERED.**

DATED: _____

                                        HON. PAUL W. GRIMM
                                        UNITED STATES DISTRICT JUDGE