

Handley Farah & Anderson PLLC

**May 27, 2021**

*Via ECF*

Hon. Paul W. Grimm
U.S. District Court, District of Maryland
6500 Cherrywood Lane, Suite 465A
Greenbelt, Maryland 20770

      Re:    *Albert et al. v. Global Tel*Link Corp. et al.*, 8:20-cv-01936-PWG (D. Md.)

Dear Judge Grimm:

      In accordance with the Court's June 29, 2020 Letter Order (ECF No. 3), Plaintiffs Ashley Albert, Ashley Baxter, Karina Jakeway, and Melinda Jabbie request permission to serve document subpoenas on third-party telephone providers seeking the preservation of potentially relevant records (or, alternatively, to file a formal motion and proposed order requesting the same).

      Plaintiffs seek to ensure that call detail records, which are maintained by telephone providers for a limited period and are frequently used as evidence in complex antitrust and RICO class actions like this one, are preserved while the Court considers Defendants' motion to dismiss (ECF No. 72). Plaintiffs do not currently seek the production of any documents to Plaintiffs or to commence general discovery. Plaintiffs certify that we have conferred with Defendants, and that they do not oppose Plaintiffs' request.

## Background

      On June 29, 2020, Plaintiffs filed a complaint alleging a scheme by Defendants—including the nation's two largest providers of telephone calling services for inmates—to fix inflated prices for calls between incarcerated individuals and their family members, friends, attorneys, and others, while also repeatedly lying to local governments and their own customers about the costs of those calls in order to charge the inflated prices. Plaintiffs allege that Defendants' actions violated the Sherman Antitrust Act and the Racketeer Influenced and Corrupt Organizations Act.

      Defendants filed their motion to dismiss on October 30, 2020. ECF No. 72. The Court has not yet ruled on Defendants' motion. Nor has the Court entered a scheduling order or otherwise commenced discovery.

## **Discussion**

Antitrust plaintiffs regularly obtain and use telephone call detail records as evidence of conspiratorial communications among defendants.  *See, e.g.*, *In re Polyester Staple Antitrust Litig.*, No. 3:03CV1516, 2007 U.S. Dist. LEXIS 52525, at *70 (W.D.N.C. July 19, 2007) (describing "phone records documenting hundreds of calls between alleged co-conspirators" as "common evidence probative of the alleged collusion amongst the" defendants); *In re Catfish Antitrust Litig.*, 908 F. Supp. 400, 405 (N.D. Miss. 1995) (finding that "a voluminous record of telephone calls and facsimile transmissions between the various defendants" was "circumstantial evidence of the existence of a conspiracy").

Telephone providers' failure to preserve this evidence would prejudice Plaintiffs. Here, the telephone providers are not parties to this action; therefore, they are not subject to the duty to preserve relevant evidence that attaches to a party anticipating or involved in a federal civil litigation.  *See* Fed. R. Civ. P. 37(e).  As a result, the providers' non-party status "significantly increases the risk that evidence may be lost." *In re Smith Barney Transfer Agent Litig.*, 2012 U.S. Dist. LEXIS 58070, at *11 (S.D.N.Y. Apr. 25, 2012).  Further, the risk before the Court here is acute—telephone providers as a matter of course have records retention practices that will ensure deletion of these relevant records after a data retention period expires.  *See Humphrey v. Sallie Mae, Inc.*, No. 3:10-cv-01505-JFA, 2010 U.S. Dist. LEXIS 60176, at *1-3 (D.S.C. June 17, 2010) (granting expedited discovery of "electronic data related to the telephone call that forms the basis of the complaint" from Verizon because "[t]he information sought is in electronic format and may be purged by Verizon as part of its ordinary data retention policies and procedures").

Because of the risk of losing this evidence, Plaintiffs seek leave to serve document subpoenas requesting the preservation of telephone records.  Per Local Rule 104(4), this Court may allow discovery before the entry of a scheduling order if the Court finds that there is good cause to do so.  *See Hossfeld v. Gov't Emples. Ins. Co.*, 88 F. Supp. 3d 504, 512 (D. Md. 2015) (analyzing whether there was "good cause to order early discovery").  Good cause exists here.  Courts have recognized that "it has become routine to order the preservation of evidence prior to the beginning of the discovery period at the initial case management conference and sometimes even before such a conference in complex litigation." *Capricorn Power Co. v. Siemens Westinghouse Power Corp.*, 220 F.R.D. 429, 434 n.2 (W.D. Pa. 2004) (*citing* Manual for Complex Litigation, Fourth § 11.442).  Document subpoenas requesting the preservation of evidence are "narrowly tailored" and "require only the preservation of documents, data, and records." *Tesla, Inc. v. Tripp*, No. 3:18-cv-296, 2018 U.S. Dist. LEXIS 106678, at *6 (D. Nev. June 25, 2018).  The telephone service providers' "only obligation will be to preserve evidence, so that it is not forever lost before discovery even commences."  *Id*. Further, Plaintiffs propose targeted subpoenas that would pose "minimal inconvenience to the non-parties in possession of such evidence." *Id.* at *7.

For these reasons, Plaintiffs request permission to serve document subpoenas on third-party telephone providers seeking the preservation of potentially relevant records (or, alternatively, to file a formal motion and proposed order requesting the same).

Sincerely,

| | |
|---|---|
| /s/ Matthew K. Handley | */s/ Benjamin D. Brown* |
| Matthew K. Handley (D. Md. Bar # 18636) | Benjamin D. Brown (admitted *pro hac vice*) |
| HANDLEY FARAH & ANDERSON PLLC | COHEN MILSTEIN SELLERS & TOLL, PLLC |
| 200 Massachusetts Avenue, NW | 1100 New York Ave., NW |
| Seventh Floor | Suite 500 |
| Washington, DC 20001 | Washington DC, 20005 |
| Telephone: (202) 559-2433 | Telephone: (202) 408-4600 |
| mhandley@hfajustice.com | Fax: (202) 408-4699 |
| | bbrown@cohenmilstein.com |
| *Co-Lead Counsel for Plaintiffs* | |
| | *Co-Lead Counsel for Plaintiffs* |