**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| ASHLEY ALBERT, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 20-cv-01936-LKG |
| v. ) | |
| ) | Dated: April 13, 2022 |
| GLOBAL TEL*LINK CORP., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER**

**I.    INTRODUCTION**

This putative class action matter involves an alleged price-fixing and kickback scheme to inflate the prices of single call collect calls placed by inmates from correctional facilities located within the United States among defendants Global Tel*Link Corp. ("GTL"), Securus Technologies, LLC ("Securus") and 3Cinteractive Corp. ("3Ci") (collectively, "defendants"), in violation of the Sherman Antitrust Act, 15 U.S.C. §§ 1-38, and the Racketeer Influenced and Corrupt Organizations Act ("RICO Act"), 18 U.S.C. §§ 1961-68. *See generally* Compl., ECF No. 1.

On September 30, 2021, the Court issued a Memorandum Opinion and Order granting-in-part and denying-in-part defendants' motion to dismiss and dismissing plaintiffs' RICO Act claims (the "September 30, 2021, Decision"). *See* Sept. 30, 2021, Dec., ECF No. 96. On October 29, 2021, plaintiffs filed a motion for leave to amend the complaint to add new allegations related to their RICO Act claims, pursuant to Fed. R. Civ. P. 15. Pl. Mot., ECF No. 103. Alternatively, plaintiffs request that the Court either enter partial final judgment with regards to their RICO Act claims, pursuant to Fed. R. Civ. P. 54(b), or certify an interlocutory appeal for these claims, pursuant to 28 U.S.C. § 1292(b). *Id.*

On November 22, 2021, defendants filed a response in opposition to plaintiffs' motion. Def. Resp., ECF No. 108. On December 16, 2021, plaintiffs filed a reply in support of their

motion. Pl. Reply, ECF No. 110. On April 12, 2022, the Court held oral arguments on plaintiffs' motion. For the reasons that follow, the Court (1) **DENIES** plaintiffs' motion for leave to amend the complaint, (2) **GRANTS** plaintiffs' motion for entry of partial final judgment on their RICO Act claims and (3) **STAYS** further proceedings in this matter pending the resolution of plaintiffs' appeal.

## II.     LEGAL STANDARDS

### A.      Fed. R. Civ. P. 15

Fed. R. Civ. P. 15(a)(2) provides that, when a party cannot amend a pleading by right, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The decision of whether to grant or deny leave to amend is within the discretion of the Court, and the Court "should freely" grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). But, the Court should deny a party leave to amend "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman*, 371 U.S. at 182). In this regard, an amendment is futile "when the proposed amended complaint fails to state a claim." *Van Leer v. Bank Securities, Inc.*, 479 Fed. App'x 475, 479 (4th Cir. 2012). And so, the Court should deny a motion for leave to amend if "the proposed amendments could not withstand a motion to dismiss." *Cuffee v. Verizon Communications, Inc.*, 755 F. Supp. 2d 672, 677 (D. Md. 2010) (citation omitted).

### B.      Fed. R. Civ. P. 54(b)

Under Fed. R. Civ. P. 54(b), the Court has the discretion, in "an action [that] presents more than one claim for relief," to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The United States Court of Appeals for the Fourth Circuit has stated that entry of partial final judgment "is recognized as the exception rather than the norm" and "should neither be granted routinely nor as an accommodation to counsel." *Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993) (citations omitted). The burden of establishing that entry of partial final judgment is appropriate falls on the party seeking such entry. *Id.* (citation omitted).

The United States Supreme Court has explained that determining whether entry of partial final judgment is appropriate involves a two-step analysis. First, the Court must determine whether the judgment is "final," in that "it is a decision upon a cognizable claim for relief" and "is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980). Second, if the Court determines that it is dealing with a final judgment, then it must "determine whether there is any just reason for delay" in entering final judgment on that claim. *Id.* at 7-8.

In assessing whether there is any just reason for delay, the Court analyzes the following factors from *Braswell Shipyards*: "(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." *Braswell Shipyards*, 2 F.3d at 1335-36.

## III.   ANALYSIS

### A.   Leave To Amend The Complaint Is Not Warranted

After careful consideration of the parties' arguments, review of the proposed amended complaint, and application of the above legal standards, the Court DENIES plaintiffs' motion for leave to amend the complaint for several reasons.

First, defendants persuasively argue that plaintiffs have unduly delayed in seeking the proposed amendments to the complaint. In their motion, plaintiff state that they seek to amend the complaint to add new factual allegations to bolster their RICO Act claims, which have been dismissed by the Court, to show that plaintiffs' alleged injuries are not derivative of any injuries to the contracting governments and that the prices for single call services would have been lower, absent the RICO Act violations alleged in this case. *See* Pl. Mot. at 1-2. Specifically, plaintiffs seek to add new allegations that: (1) show that plaintiffs would have paid lower prices for single call collect calls, absent defendants' alleged misrepresentations and/or omissions, based upon the Declaration of Brian Gunter, the former Director of Sales at Securus, and the Declaration of Ron

3

Meadows, the former Director of Information Services at the Marion County Sheriff's Department; (2) their injuries are independent of any harms suffered by the contracting governments; and (3) the contracting governments often prioritized minimizing the costs of single call collect calls during negotiations with inmate call services providers. *See id.* at 2; *see also* Prop. Am. Compl. Ex. A, Declaration of Brian Gunter ("Gunter Decl."); Prop. Am. Compl. Ex. B., Declaration of Ron Meadows ("Meadows Decl.").

Plaintiffs make this request more than one year after this case was filed on June 29, 2020. While some of the proposed amendments are based upon information recently acquired by plaintiffs, plaintiffs do not dispute that they have been in possession of other information that they now seek to add to the complaint since before the inception of this litigation. Notably, the Declarations upon which plaintiffs rely to amend the complaint are dated May 18, 2020, and June 14, 2020, respectively. *See* Gunter Decl.; Meadows Decl.[1] The litigation history of this case also makes clear that plaintiffs have had ample opportunity to make the proposed amendments prior to the filing of their October 29, 2021, motion. Plaintiffs do not dispute that defendants submitted a pre-motion letter to the Court on September 18, 2020, which identified the exact same legal deficiencies regarding plaintiffs' RICO Act claim that plaintiffs now seek to address by amending the complaint. *See* ECF No. 57 at 3. While plaintiffs certainly had no obligation to amend the complaint before the Court resolved defendants' motion to dismiss, their decision not to seek to do so until after the parties and the Court have expended significant time and resources to resolve that motion weighs against allowing plaintiffs to amend their complaint at this time.

The Court is also concerned that the proposed amendments to the complaint would be futile, given the apprehensions previously raised by the Court about whether plaintiffs' alleged

---

[1] The original complaint alleges, without direct attribution, that a former Sales Director at Securus "repeatedly asked his superiors how revenue from [single call collect calls] was allocated between 3CI and Securus" and was told "that 3CI received the majority of the revenue from each . . . call." Compl. at ¶ 130. This allegation, and others in the original complaint, are attributed in the proposed amended complaint to Mr. Gunter and Mr. Meadows. *See* Gunter Decl. at ¶ 23 (stating that whenever he inquired about the allocation of revenue from Securus' single call services, he was told that "3Ci received the majority of the revenue from each single call."); *see also* Prop. Am. Compl. at ¶¶ 156 (attributing an allegation to Mr. Gunter but leaving the rest of the allegation from the original complaint unchanged); 159 (attributing an allegation to Mr. Meadows but leaving the rest of the allegation unchanged).

4

injury in this case is too remote to support plausible RICO Act claims.  As the Court explained in the September 30, 2021, Decision, a causative "link that is 'too remote,' 'purely contingent,' or 'indirec[t]' is insufficient" to establish proximate causation within the RICO Act context.  *See* Sept. 30, 2021, Dec. at 16; *see also Hemi Grp., LLC v. City of New York*, 559 U.S. 1, 6 (2010) (quoting *Holmes v. Secs. Inv'r Prot. Corp.*, 503 U.S. 258, 271 (1992) (brackets existing).  And so, "regardless of how foreseeable [plaintiffs'] claimed injury might be or even what motive underlaid the conduct that caused the harm, the injury for which [plaintiffs] may seek damages under RICO cannot be contingent on or derivative of harm suffered by a different party." *Slay's Restoration, LLC v. Wright Nat'l Flood Ins. Co.*, 884 F.3d 489, 494 (4th Cir. 2018).

   Here, none of the new allegations that plaintiffs seek to add to the complaint alter the fact that plaintiffs' alleged injuries in this case appear to be contingent upon the harm allegedly suffered by the contracting governments that actually entered into inmate calling services agreements with defendants.  *See generally* Prop. Am. Compl.  Given this, the proposed amendments are not likely to survive a renewed motion to dismiss and, thus, are futile.  Defendants would also be prejudiced by the proposed amendments, given the lapse of time and significant resources already expended to resolve their motion to dismiss.  *See Forstmann v. Culp*, 114 F.R.D. 83, 87 (M.D.N.C. 1987) (citation omitted) ("To allow plaintiff to amend after defendants have made a successful dispositive motion prejudices defendant.").

   And so, for all these reasons the Court must DENY plaintiffs' motion for leave to amend the complaint.  Fed. R. Civ. P. 15(a).

   **B.**  **Partial Final Judgment Is Appropriate**

   Plaintiffs have, however, demonstrated that entry of partial final judgment with respect to their RICO Act claims is appropriate in this case.  When determining whether to enter partial final judgment under Fed. R. Civ. P. 54(b), the Court must first determine whether the judgment on plaintiffs' RICO Act claims is "final."  *See Curtiss-Wright Corp.*, 446 U.S. at 7.  Here, the parties do not dispute that the Court's September 30, 2021, Decision dismissing plaintiffs' RICO Act claims is final, and the Court agrees.  *See* Pl. Mot. at 13; Def. Resp. at 15-17 (failing to argue that the dismissal of plaintiffs' RICO Act claims is not final).

   The Court must next determine whether there is any just reason for delay in entering final judgment on plaintiffs' RICO Act claims.  *See Curtiss-Wright Corp.*, 446 U.S. at 7.  To make

this determination, the Court analyzes the factors discussed in *Braswell Shipyards*, including: "(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; [and] (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." *Braswell Shipyards*, 2 F.3d at 1335-36.

After considering these factors and the parties' arguments in relation thereto, the Court is satisfied that no just reason exists to delay entering final judgment on plaintiffs' RICO Act claims. Plaintiffs' RICO Act claims are sufficiently distinct from their Sherman Antitrust Act claims in this case to warrant entry of final judgment. While the named parties to this action are the same for both claims, the two claims do involve different time periods and different causes of action. *See, e.g.*, Compl. at ¶¶ 201 (alleging Sherman Act violations beginning in January 2013); 215 (alleging RICO Act claims beginning in January 2010); *see also See* Pl. Reply at 1. The Court also agrees with plaintiffs that any appeal related to the dismissal of their RICO Act claims would be limited to narrow questions of law. *See* Pl. Mot. at 16.

In addition, the parties agree that the most efficient way to proceed in this litigation is for the Court to enter final judgment on plaintiffs' RICO Act claims and to allow for an immediate appeal. *See* Pl. Mot. at 15-16; Def. Resp. at 20 (arguing that allowing plaintiffs' antitrust claims to proceed without allowing an immediate appeal of their RICO claims could result in the parties spending "years, millions of dollars in attorney time and expenses, and considerable Court resources (including on motion practice, class certification, and trial), only to have to litigate the RICO claims from scratch if they are reinstated on appeal.").

Because there is no just reason to delay the appeal of the Court's decision to dismiss plaintiffs' RICO Act claims, the Court GRANTS plaintiffs' motion for entry of partial final judgment. Fed. R. Civ P. 54(b).

Lastly, in the interest of justice and judicial economy, the Court STAYS further proceedings in this matter, pending the resolution of plaintiffs' appeal.

## IV.     CONCLUSION

In light of the foregoing, the Court:

1. **DENIES** plaintiffs' motion for leave to amend the complaint;

2. **GRANTS** plaintiffs' motion for entry of partial final judgment;

3. **ENTERS** final judgment as to plaintiffs' RICO claims; and

4. **STAYS** further proceedings in this matter, pending the resolution of plaintiffs' appeal.  Notwithstanding this stay, any party may, subject to the procedures in the Court's Case Management Order, Dkt. No. 119, move the Court to issue subpoenas to third parties for the limited purpose of ensuring the preservation, not production, of documents relevant to this litigation, including documents relevant to plaintiffs' Sherman Antitrust Act claim and RICO Act claims.

The parties shall **FILE** a joint status report proposing a schedule for further proceedings, within 14 days after the United States Court of Appeals for the Fourth Circuit issues the mandate on plaintiffs' appeal.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby<br>
LYDIA KAY GRIGGSBY<br>
United States District Judge