IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| ASHLEY ALBERT, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> GLOBAL TEL*LINK CORP., *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 20-cv-01936-LKG <br><br> Dated: April 17, 2024 |

### ORDER ON DEFENDANTS' MOTIONS FOR
### PROTECTIVE ORDER AND SCHEDULING ORDER

On December 7, 2023, Defendants Securus Technologies, LLC and Global Tel*Link Corp. filed motions for protective order related to certain non-party subpoenas, seeking the preservation of certain call and text records of Defendants' current and former employees, which Plaintiffs have served on non-parties AT&T Corp.; T-Mobile US, Inc.; Verizon Communications Inc. and Sprint Corp. (the "Employee Calls Subpoenas"). ECF Nos. 168, 169. On January 24, 2024, Defendants filed a joint motion for protective order related to certain non-party subpoenas, seeking phone, text and financial records, served on AT&T Corp.; T-Mobile US; Verizon Communications Inc.; Bank of America, N.A.; Capital One, N.A.; Citibank, N.A.; U.S. Bank, N.A.; Wells Fargo Bank, N.A.; American Express Company; Mastercard Inc., and Visa Inc. (the "Class Records Subpoenas"). ECF No. 181. These motions are fully briefed. ECF Nos. 168, 169, 177, 178, 181, 182 and 183.

In addition, on February 23, 2024, Plaintiffs filed a notice of intent to file a motion for leave to file an amended complaint. ECF No. 194. Lastly, on March 29, 2024, Defendant Securus Technologies, LLC filed a notice of intent to file a motion to stay discovery. ECF No. 200. The Court held a telephonic hearing on these matters on April 16, 2024.

Upon consideration of the Defendants' motions, the Plaintiffs' oppositions thereto, and for the reasons stated during the April 16, 2024, telephonic hearing, the Court:

(1) **GRANTS-IN-PART** and **DENIES-IN-PART** the Defendants' motion for protective order, dated January 24, 2024 (ECF No. 181);

(2) **GRANTS-IN-PART** Defendants' respective motions for protective order, dated December 7, 2023 (ECF Nos. 168 and 169);

(3) **ORDERS** that the Non-Parties[1] **SHALL NOT** produce the contents of any text messages in response to the Class Records Subpoenas;

(4) Further **ORDERS** that, to the extent that the content of any text messages have been produced to Plaintiffs in response to the Class Records Subpoenas, Plaintiffs shall either destroy this information or return the information to the Non-parties; and

(5) **LIMITS** the scope of the Employee Calls Subpoenas and Class Records Subpoenas to records produced or generated between **January 1, 2010, and December 31, 2018**;

It is further **ORDERED** that, Plaintiffs shall **FILE** information identifying the name, title, dates of employment and relevance of the individuals associated with the telephone numbers identified in the Employee Calls Subpoenas on or before **April 23, 2024**.

It is further **ORDERED** that, Defendants shall **FILE** any response to Plaintiffs' submission related to the Employee Calls Subpoenas on or before **April 30, 2024**.

It is further **ORDERED** that Plaintiffs shall **FILE** their amended complaint on before **April 30, 2024**.

In addition, the parties shall comply with the following schedule for the briefing of any motions to stay discovery:

| | |
|---|---|
| Defendants' motion to stay. | **April 30, 2024** |
| Plaintiffs' response. | **May 14, 2024** |
| Defendants' reply brief. | **May 21, 2024** |

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby<br>
LYDIA KAY GRIGGSBY

---

[1] AT&T Corp.; T-Mobile US, Inc.; Verizon Communications Inc.; Sprint Corp.; Bank of America, N.A.; Capital One, N.A.; Citibank, N.A.; U.S. Bank, N.A.; Wells Fargo Bank, N.A.; American Express Company; Mastercard Inc., and Visa Inc., are collectively referred to herein as the "Non-Parties."

United States District Judge