IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ASHLEY ALBERT, *et al.*, | ) |
| Plaintiffs, | ) Civil Action No. 20-cv-01936-LKG |
| v. | ) Dated: October 15, 2025 |
| GLOBAL TEL*LINK CORP., *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

I. **INTRODUCTION**

This putative class action matter involves an alleged price-fixing and kickback scheme to inflate the prices of single-call collect calls placed by inmates from correctional facilities located within the United States by, among others, Defendant Securus Technologies, LLC ("Securus"), in violation of the Sherman Antitrust Act (the "Sherman Act"), 15 U.S.C. §§ 1-38, and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68. *See generally* ECF No. 205. The Plaintiffs have moved for leave to file a second amended complaint or, in the alternative, to intervene, pursuant to Fed. R. Civ. P. 15(a), 16(b)(4) and 24(a). ECF No. 428 and 428-1. The motion is fully briefed. ECF Nos. 428, 430, 431 and 432. No hearing is necessary to resolve the motion. L.R. 105.6 (D. Md. 2023).

For the reasons that follow, the Court: (1) **GRANTS-in-PART** the Plaintiffs' motion for leave to file a second amended complaint or to intervene (ECF No. 428).

II. **FACTUAL AND PROCEDURAL BACKGROUND**[1]

A. **Factual Background**

In this putative class action, the Plaintiffs allege that the Defendants engaged in a price-fixing and kickback scheme to inflate the prices of single-call collect calls placed by inmates from correctional facilities located within the United States. *See generally* ECF No. 205. In the

---

[1] The facts recited herein are taken from the amended complaint. ECF No. 205. Unless otherwise stated, the facts are undisputed.

first amended complaint, the Plaintiffs assert the following claims against the Defendants: (1) Conspiracy to fix prices in violation of Section 1 of the Sherman Act against all Defendants (Count I); (2) Violation of RICO against Securus (Count II); (3) Violation of RICO against Securus and Defendant 3Cinteractive Corp. ("3Ci") (Count III); (4) Violation of RICO against Defendants Platinum Equity Capital Partners IV, L.P. and Platinum Equity LLC (collectively, the "Platinum Defendants"), and Abry Partners, LLC and Abry Partners VII, L.P. (collectively, the "Abry Defendants") (Count IV); (5) Violation of RICO against Defendant Global Tel*Link Corp. ("GTL") (Count V); (6) Violation of RICO against GTL and 3Ci (Count VI); (7) Conspiracy to violate RICO against Securus and GTL (Count VII); (8) Conspiracy to violate RICO against Securus, GTL and 3Ci (Count VIII); and (9) Conspiracy to violate RICO against the Abry Defendants, the Platinum Defendants, Securus and GTL (Count IX). *Id.* at ¶¶ 251-434.[2]

Specifically, the Plaintiffs allege that the Defendants committed a *per se* violation of the Sherman Act, by conspiring to: (1) eliminate competition between themselves; (2) fix and charge inflated prices for their single-call products; and (3) pay low site commission fees for their single-call products. *See id.* at ¶¶ 251-256. The Plaintiffs also allege that the Defendants violated RICO by making fraudulent misrepresentations and omissions to certain contracting governments, and to consumers, for the purposes of charging excessive rates and paying low site commission fees for their single-call products. *See id.* at ¶¶ 257-434. And so, the Plaintiffs seek, among other things, to recover monetary damages, attorney's fees and costs from the Defendants. *Id.* at Prayer for Relief.

The Remaining Parties And Claims

There have been several modifications to the parties and claims in this case that are relevant to the Plaintiffs' motion.

Plaintiffs Ashley Albert, Ashley Baxter, Karina Jakeway and Melinda Jabbie initially brought a putative class action matter against Defendants GTL, Securus and 3Ci. ECF No. 1. On March 5, 2024, the Court entered an Order dismissing the claims brought by

---

[2] The Court has granted consent motions for preliminary approval of settlement, by and between the Plaintiffs and Defendants 3Ci and GTL, to settle certain claims against Defendants 3Ci and GTL on behalf of the Plaintiffs and a potential class of similarly situated individuals. ECF Nos. 295 and 318. On June 11, 2025, the Court also granted motions to dismiss filed by the Abry and Platinum Defendants and dismissed these Defendants from the case. *See* ECF Nos. 435 and 436.

Plaintiffs Jakeway and Jabbie, pursuant to Fed. R. Civ. P. 41(a)(1).  ECF No. 197.  On April 23, 2024, the Plaintiffs amended their complaint to include claims brought by Plaintiffs Lupei Zhu and Rhonda Howard and to add claims against the Abry and Platinum Defendants.  ECF No. 205.

In October 2024, the Court granted consent motions for preliminary approval of settlement, by and between the Plaintiffs and Defendants 3Ci and GTL, which would resolve certain claims against Defendants 3Ci and GTL on behalf of the Plaintiffs and a potential class of similarly situated individuals.  ECF Nos. 295 and 318.

On March 27, 2025, the Court granted Securus' motion to compel arbitration, and stayed the claims brought against Securus by Plaintiffs Albert and Baxter, pending the completion of the parties' arbitration proceedings.  ECF Nos. 404 and 408.  On June 11, 2025, the Court granted the Abry and Platinum Defendants' motions to dismiss and dismissed these Defendants from the case.  ECF Nos. 435 and 436.  Lastly, on August 5, 2025, the Court entered an Order approving Plaintiff Howard's voluntary dismissal of her claims against all Defendants with prejudice.  ECF No. 473.

The remaining claims in this case are claims brought by Plaintiff Zhu against Securus.  *See generally* ECF No. 205 at ¶¶ 257-434; *see also* ECF No. 484 at ¶ 5 (Securus' unopposed motion recognizing the "remaining Plaintiff, Lupei Zhu").  And so, the Plaintiffs "seek leave to amend their complaint to add proposed named [P]laintiffs Patricia Hoaks and Yma Sharron Plater and [to] remove Plaintiffs Albert and Baxter's claims against Securus."  ECF No. 428-1 at 1.

### B.  Relevant Procedural History

On April 25, 2025, the Plaintiffs filed a motion for leave to file a second amended complaint or to intervene.  ECF Nos. 428 and 428-1.  On May 7, 2025, the Abry and Platinum Defendants filed a response in opposition to the Plaintiffs' motion.  ECF No. 430.

On May 9, 2025, Securus filed a response in opposition to the Plaintiffs' motion.  ECF No. 431.  On May 23, 2025, the Plaintiffs filed a reply brief.  ECF No. 432.

The Plaintiffs' motion for leave to file a second amended complaint or to intervene having been fully briefed, the Court resolves the pending motion.

### III.   LEGAL STANDARDS

#### A.  Fed. R. Civ. P. 15 And 16

Fed. R. Civ. P. 15(a)(2) provides that, when a party cannot amend a pleading by right, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The decision of whether to grant or deny leave to amend is within the discretion of the Court, and the Court "should freely" grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). But, the Court should deny a party leave to amend "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman*, 371 U.S. at 182). In this regard, an amendment is futile "when the proposed amended complaint fails to state a claim." *Van Leer v. Bank Securities, Inc.*, 479 F. App'x 475, 479 (4th Cir. 2012). And so, the Court should deny a motion for leave to amend if "the proposed amendments could not withstand a motion to dismiss." *Cuffee v. Verizon Cmmc'ns, Inc.*, 755 F. Supp. 2d 672, 677 (D. Md. 2010) (citation omitted).

"When . . . a party seeks to amend a pleading after the expiration of a deadline set forth in a scheduling order, Rule 16(b)(4) is implicated." *Kantsevoy v. LumenR LLC*, 301 F. Supp. 3d 577, 588 (D. Md. 2018). Under Rule 16(b)(4), a scheduling order may be modified to amend a pleading "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In determining whether the moving party has met its burden to show good cause, a court may consider "whether the moving party acted in good faith, the length of the delay and its effects, and whether the delay will prejudice the non-moving party." *Kantsevoy*, 301 F. Supp. 3d at 588 (quoting *Elat v. Ngoubene*, 993 F. Supp. 2d 497, 520 (D. Md. 2014)). Relevant here, "when a movant fails to satisfy Rule 16(b), the court need not consider Rule 15(a)." *Id.* at 589 (citing *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 299 (4th Cir. 2008)).

### IV.   ANALYSIS

The Plaintiffs have moved for leave to file a second amended complaint, or, in the alternative, to intervene, pursuant to Fed. R. Civ. P. 15(a), 16(b)(4) and 24(a), upon the following grounds: (1) the Plaintiffs should be granted leave to amend the complaint, under Rule 15(a)(2), because the proposed amendment would not prejudice the Defendants, or be futile, and the Plaintiffs have acted in good faith; (2) the Plaintiffs have shown good cause to further amend the

first amended complaint under Fed. R. Civ. P. 16; and (3) in the alternative, the proposed additional Plaintiffs should be permitted to intervene in this case as a matter of right, pursuant to Fed. R. Civ. P. 24(a). ECF No. 428-1 at 3-17. And so, the Plaintiffs request that the Court grant their motion and allow them to file a second amended complaint. *Id.* at 17.

Securus counters that the Court should deny the Plaintiffs' motion, because: (1) the motion is untimely; (2) the Plaintiffs' lack of diligence precludes a finding of good cause under Rule 16(b)(4); (3) the Plaintiffs cannot meet the standard for amendment under Rule 15(a), because the proposed amendment is futile and would prejudice Securus; and (4) the Plaintiffs should not be permitted to intervene. ECF No. 431 at 5-28. And so, Securus requests that the Court deny the Plaintiffs' motion. *Id.* at 28.

For the reasons that follow, the Plaintiffs have shown that the proposed second amended complaint would not prejudice Securus, or be futile, and that they have not acted in bad faith in seeking to further amend the first amended complaint. And so, the Court: (1) GRANTS-in-PART the Plaintiffs' motion for leave to file a second amended complaint or to intervene (ECF No. 428).

### A. The Court Grants The Plaintiffs Leave To Amend Under Rule 15(a)(2)

The Plaintiffs have shown that leave to file a second amended complaint is warranted in this case, pursuant to Rule 15(a)(2). The decision of whether to grant or deny leave to amend is within the discretion of the Court, and the Court "should freely" grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman*, 371 U.S. at 182. But, the Court should deny a party leave to amend "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson*, 785 F.2d at 509 (citing *Foman*, 371 U.S. at 182). In this regard, an amendment is futile "when the proposed amended complaint fails to state a claim." *Van Leer*, 479 F. App'x at 479. And so, the Court should deny a motion for leave to amend if "the proposed amendments could not withstand a motion to dismiss." *Cuffee*, 755 F. Supp. 2d at 677 (citation omitted).

In this case, the Plaintiffs have shown that leave to further amend the complaint is warranted under Rule 15(a)(2), for several reasons. First, the Plaintiffs' proposed amendments will not unfairly prejudice Securus. "Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006). Here, the Plaintiffs "seek leave to amend their complaint to add proposed

5

named [P]laintiffs Patricia Hoaks and Yma Sharron Plater and [to] remove Plaintiffs Albert and Baxter's claims against Securus." ECF No. 428-1 at 1. The proposed second amended complaint contains no substantive changes to the nature and scope of the Plaintiffs' Sherman Act and RICO claims against Securus. *See* ECF No. 428-2; *see also* ECF No. 428-3 (showing red line changes to amended complaint). It is also undisputed that discovery is in the early stages and that discovery has been stayed since August 9, 2024. *See* ECF Nos. 257-1; ECF No. 484 at ¶ 2. Given this, Securus will not be prejudiced by the proposed amendment.

Second, the Plaintiffs' claims against Securus are not futile. An amendment is futile "when the proposed amended complaint fails to state a claim." *Van Leer*, 479 F. App'x at 479. But, this Court and the Fourth Circuit have held that the Plaintiffs' Sherman Act and RICO claims against Securus are plausible and survive a motion to dismiss. *See* ECF No. 140-1 at 15 (holding that the Plaintiffs' "allegations, taken as true, carry Plaintiffs' [RICO] claim across the line from speculative to plausible"); ECF No. 435 at 20-24 (holding that Plaintiffs plausibly allege RICO and Sherman Act Claims against Securus in the amended complaint). While the Court has dismissed the Abry and Platinum Defendants from this case, Securus remains a Defendant in the case. *See* ECF No. 435 at 25; ECF No. 436. And so, the Plaintiffs' claims against Securus are not futile.

Lastly, there is no evidence before the Court to suggest that the Plaintiffs acted in bad faith, or unduly delayed, in seeking to file the proposed second amended complaint. On March 27, 2025, the Court entered an Order that granted Securus's motion to compel arbitration as to Plaintiffs Ashley Albert and Ashley Baxter's claims. ECF No. 404. Just two weeks later, on April 11, 2025, the Plaintiffs filed a notice of intent to file the pending motion for leave to file a second amended complaint or to intervene. ECF No. 416. And so, the Plaintiffs have acted diligently in seeking the proposed amendment.[3]

---

[3] The Court agrees with the Plaintiffs that they need not show good cause to amend the first amended complaint, because the Court vacated the "December 4, 2023, Amended Scheduling Order (ECF No. 166)" and stayed "all remaining discovery deadlines contained in the December 4, 2023, Amended Scheduling Order (ECF No. 166)." *See* ECF No. 257-1; *see also* ECF No. 484 at ¶ 2 (recognizing that "discovery has remained stayed except for the Plaintiffs' motion to compel discovery."). In addition, because the Plaintiffs have met the requirements under Rule 15(a), the Court does not address the Plaintiffs' motion to intervene under Rule 24.

For each of the above reasons, the Court will GRANT-in-PART the Plaintiffs' motion for leave to file a second amended complaint or to intervene and permit the Plaintiffs to further amend the first amended complaint, pursuant to Fed. R. Civ. P. 15(a)(2). *See* Fed. R. Civ. P. 15(a)(2).

## V.     CONCLUSION

And so, the Court:

(1) **GRANTS-in-PART** the Plaintiffs' motion for leave to file a second amended complaint or to intervene (ECF No. 428).

A separate Order shall issue.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby<br>
LYDIA KAY GRIGGSBY<br>
United States District Judge